■ MURIEL DEMBER et al., Appellants, v WINTHROP UNIVERSITY HOSPITAL, Respondent. [708 NYS2d 330] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 14, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Muriel Dember (hereinafter the injured plaintiff) alleges that she slipped and fell on the tile floor in the lobby of the Winthrop University Hospital (hereinafter the defendant). She claims that she slipped on water tracked in by people entering the lobby during a heavy snowstorm, and that the defendant had constructive notice of this condition.

It is well settled that in order to establish constructive notice, the plaintiff must establish that the dangerous condition was visible and apparent and had existed for a sufficient time before the accident to permit the defendant's employees to discover and remedy it (see, Gordon v American Museum of Natural History, 67 NY2d 836). Further, the general awareness that a dangerous condition may be present is legally insufficient to constitute notice of a particular condition (see, Piacquadio v Recine Realty Corp., 84 NY2d 967; McDuffie v Fleet Fin. Group, 269 AD2d 575). Here, after the defendant made out a prima facie case for summary judgment, the injured plaintiff's assertion that the defendant had a general awareness that water could accumulate on the lobby floor during a heavy snow was insufficient to raise a triable issue of fact (see, McDuffie v Fleet Fin. Group, supra). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.