■ DIANE YEARWOOD, Respondent, v CUSHMAN & WAKEFIELD, INC., Appellant. [742 NYS2d 661] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated March 21, 2001, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped and fell on water on the lobby floor of the building where she worked, near the elevators. It was raining heavily and the defendant, who was responsible for maintaining the building, had placed runners across the entire length of the marble lobby floor and extending halfway into the elevator bank. The plaintiff slipped about five to ten steps after she left the runner, as she was walking toward an elevator. The defendant moved for summary judgment dismissing the complaint on the ground that it neither created nor had notice of the condition that caused the plaintiff's fall, and the Supreme Court denied the motion. We reverse.

The defendant succeeded in demonstrating prima facie entitlement to judgment as a matter of law by offering sufficient evidence demonstrating the absence of any triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). In opposition, the plaintiff failed to raise a triable issue of fact regarding whether the defendant created or had actual or constructive notice of the dangerous condition (see Kraemer v K-Mart Corp., 226 AD2d 590).

There is no evidence that the defendant affirmatively created the wet condition in the lobby of the building, and it was not obligated to provide a constant remedy to the problem of water being tracked into a building in rainy weather (see Miller v Gimbel Bros., 262 NY 107; Negron v St. Patrick's Nursing Home, 248 AD2d 687; Kovelsky v City Univ. of N.Y., 221 AD2d

234). There is no evidence that the defendant received any prior complaints regarding this area so as to place it on actual notice of the condition on which the plaintiff slipped. Moreover, there is no evidence that the defendant had constructive notice of the condition. To constitute constructive notice, a condition must be visible and apparent, and must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836). In the absence of proof as to how long this puddle of water was on the floor, there is no evidence to permit an inference that the defendant had constructive notice of the condition on which the plaintiff fell (*see McDuffie v Fleet Fin. Group,* 269 AD2d 575; *Maguire v Southland Corp.,* 245 AD2d 347).

Assuming that the defendant was aware that water on the lobby floor was a recurring condition in rainy weather, proof that the defendant was aware of this general condition would not be sufficient to establish constructive notice of the particular wet condition on the marble floor which caused the plaintiff to slip (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Kershner v Pathmark Stores,* 280 AD2d 583; *Dember v Winthrop Univ. Hosp.,* 272 AD2d 431; *McDuffie v Fleet Fin. Group, supra*). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.