■ ROBERT FRIEDMAN, Appellant, v GANNETT SATELLITE IN-FORMATION NETWORK, INC., Respondent. [755 NYS2d 412] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), dated July 5, 2001, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for leave to serve an amended bill of particulars.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the motion and substituting therefor a provision denying the motion, and (2) deleting the provision thereof denying the cross motion and substituting therefor a provision denying the cross motion as unnecessary; as so modified, the order is affirmed, with costs.

The plaintiff alleges that he slipped and was injured due to a dangerous condition caused by an accumulation of snow, ice, and moisture in the entrance vestibule of a building maintained by the defendant. At the time of the plaintiff's slip, it was snowing and sleeting, and had been for at least two hours. After a note of issue was filed, the defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for leave to amend his bill of particulars. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. We modify.

In general, to impose liability for an injury proximately caused by a dangerous condition created by weather tracked into a building, a defendant must either have created the dangerous condition, or had actual or constructive notice of the condition, and a reasonable time to undertake remedial actions (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Yearwood v Cushman & Wakefield,* 294 AD2d 568 [2002]; *Negron v St. Patrick's Nursing Home,* 248 AD2d 687 [1998]). Once a defendant has actual or constructive notice of a

dangerous condition, the defendant has a reasonable time to undertake remedial actions that are reasonable and appropriate under all of the circumstances (*see Stasiak v Sears, Roebuck & Co.,* 281 AD2d 533 [2001]; *LoSquadro v Roman Catholic Archdiocese of Brooklyn,* 253 AD2d 856 [1998]). Here, based on the duration of the storm prior to the accident, in conjunction with the plaintiff's testimony concerning the condition of the vestibule at the time of his slip, and the testimony that the defendant failed to place an additional mat in the vestibule as was its usual practice during inclement weather, there are questions of fact as to whether the defendant had constructive notice of the alleged dangerous condition of the vestibule and, if so, whether the defendant undertook reasonable and appropriate remedial actions under all of the circumstances (*cf. Yearwood v Cushman & Wakefield, supra*). Thus, the defendant's motion for summary judgment should have been denied.

The Supreme Court properly denied the plaintiff's cross motion for leave to serve an amended bill of particulars, but it should have done so only on the ground that the amendment is not necessary. Evidence that the defendant failed to adhere to its usual practice of placing an additional mat in the vestibule during inclement weather is admissible on the issue, if reached, of whether the defendant undertook reasonable and appropriate remedial actions under all of the circumstances. Thus, evidence of that allegation may be offered on the pleadings as they already exist. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.