■ Louvinia Curtis, Appellant, v Dayton Beach Park No. 1 Corp. et al., Respondents. [806 NYS2d 664]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Levine, J.), dated

November 15, 2004, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Britto v Great Atl. & Pac. Tea Co., Inc., 21 AD3d 436 [2005]; Murphy v Lawrence Towers Apts., LLC, 15 AD3d 371 [2005]; Joachim v 1824 Church Ave., Inc., 12 AD3d 409 [2004]; Ford v Citibank, N.A., 11 AD3d 508 [2004]; Friedman v Gannett Satellite Info. Network, 302 AD2d 491 [2003]). The defendants met their burden of establishing that they neither created the allegedly dangerous condition which caused the accident nor had actual or constructive notice of the defect (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendants had actual or constructive notice of the alleged defect. A property owner is not obligated to cover all of its floors with mats or to continuously mop up all moisture resulting from tracked-in precipitation (see Miller v Gimbel Bros., 262 NY 107 [1933]; Negron v St. Patrick's Nursing Home, 248 AD2d 687 [1998]). In the absence of proof as to how long a chunk of ice was on the floor of the hallway, there is no evidence to permit an inference that the defendants had constructive notice of the alleged defect which caused the plaintiff to fall (see Kershner v Pathmark Stores, 280 AD2d 583 [2001]; McDuffie v Fleet Fin. Group, 269 AD2d 575 [2000]). Moreover, general awareness that ice may be tracked into a building during inclement weather is insufficient to establish constructive notice of the particular condition which caused the plaintiff to fall (see Yearwood v Cushman & Wakefield, 294 AD2d 568 [2002]; cf. Fielding v Rachlin Mgt. Corp., 309 AD2d 894 [2003]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.