■ GAYLE DUBENSKY et al., Appellants, v 2900 WESTCHESTER COMPANY, LLC, et al., Respondents. [813 NYS2d 117]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (LaCava, J.), entered November 16, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

During a period of ongoing precipitation, the plaintiff Gayle Dubensky (hereinafter the plaintiff) allegedly was injured when, after she stepped off a carpet runner, she slipped and fell on accumulated water in the lobby of the building in which she worked. She alleged that the defendants were negligent in permitting the lobby floor to become and remain unsafe and in failing to place adequate mats. The defendants moved for summary judgment, inter alia, on the basis of the "storm-in-progress" doctrine. The Supreme Court granted the motion, and we affirm.

The defendants established their prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by showing that they did not create the wet condition or have notice of it such that they could have prevented the plaintiff's accident by exercising reasonable care (*see Miller v Gimbel Bros.*, 262 NY 107 [1933]; *Garcia v Delgado Travel Agency*, 4 AD3d 204 [2004]). The defendants were "not required to cover all of [their] floors with mats, nor to continuously mop up all moisture resulting from tracked-in [precipitation]" (*Negron v St. Patrick's Nursing Home*, 248 AD2d 687

[1998]; *see Garcia v Delgado Travel Agency, supra; Kovelsky v City Univ. of N.Y.*, 221 AD2d 234, 235 [1995]; *cf. Holmes v Hengerer Co.*, 303 NY 677 [1951]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]; *LoSquadro v Roman Catholic Archdiocese of Brooklyn*, 253 AD2d 856 [1998]).

In opposition, the plaintiffs failed to raise any triable issue of fact (*see Zuckerman v City of New York, supra* at 562-563). Accordingly, the Supreme Court correctly granted the defendants' motion for summary judgment dismissing the complaint. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.