■ PHILLIP PERLONGO, Appellant, v PARK CITY 3 & 4 APARTMENTS, INC., et al., Respondents, et al., Defendant. [818 NYS2d 158]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated May 23, 2005, which granted the motion of the defendants Park City 3 & 4 Apartments, Inc., Century Operating Corporation, and Charles Shohet for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff slipped on an accumulation of water on the floor of a vestibule in the basement of his apartment building. He commenced the instant action against, among others, the defendants Park City 3 & 4 Apartments, Inc., Century Operating Corporation, and Charles Shohet, the owners and managers of the building (hereinafter the defendants). The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

The imposition of liability in a slip-and-fall case requires evidence that the defendants created the dangerous condition which caused the accident, or that they had actual or constructive notice of that condition and failed to remedy it within a reasonable time (*see Mercer v City of New York*, 88 NY2d 955, 956 [1996]; *Madrid v City of New York*, 42 NY2d 1039 [1977]; *Putnam v Stout*, 38 NY2d 607, 612 [1976]; *Birthwright v Mid-City Sec.*, 268 AD2d 401, 402 [2000]; *Pianforini v Kelties Bum Steer*, 258 AD2d 634, 635 [1999]; *Campbell v Great Atl. & Pac. Tea Co.*, 257 AD2d 642 [1999]; *Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 249 [1984], *affd* 64 NY2d 670 [1984]).

A defendant has constructive notice of a dangerous condition when it is visible and apparent, and existed for a sufficient length of time before the accident such that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]; *Golding v Powell & Dempsey*, 247 AD2d 510 [1998]).

Here, the defendants established their entitlement to judgment as a matter of law by submitting proof that the length of time for which the accumulation of water existed was unknown

(see *Izrailova v Rego Realty,* 309 AD2d 902 [2003]; *Chemont v Pathmark Supermarkets,* 279 AD2d 545 [2001]; *Seneglia v FPL Foods,* 273 AD2d 221 [2000]). The evidence submitted by the plaintiff in opposition failed to raise a triable issue of fact as to whether the accumulation of water existed for a period of time sufficient to impute constructive notice to the defendants (see *Araujo v Brooklyn Martial Arts Academy,* 304 AD2d 779 [2003]; *Chemont v Pathmark Supermarkets, supra; Dwoskin v Burger King Corp.,* 249 AD2d 358 [1998]; *Davis v Supermarkets Gen. Corp.,* 205 AD2d 730, 731 [1994]; *Pirillo v Longwood Assoc.,* 179 AD2d 744 [1992]). Contrary to the plaintiff's contention, the deposition testimony of the defendants' employees established, at most, that the defendants had a general awareness that water might be tracked into the vestibule when it rained. Such a general awareness is insufficient to impute constructive notice of a particular dangerous condition to the defendants (see *Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]; *Gloria v MGM Emerald Enters.,* 298 AD2d 355, 356 [2002]; *McDuffie v Fleet Fin. Group,* 269 AD2d 575 [2000]).

Although we have recognized that a " 'defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition' " (*Freund v Ross-Rodney Hous. Corp.,* 292 AD2d 341, 342 [2002], quoting *Osorio v Wendell Terrace Owners Corp.,* 276 AD2d 540 [2000]; *see Clark v Chau Shing Wong,* 293 AD2d 640 [2002]; *Sweeney v D & J Vending,* 291 AD2d 443, 444 [2002]; *Padula v Big V Supermarkets,* 173 AD2d 1094, 1095-1096 [1991]), the plaintiff's argument in this regard is not properly before this Court as it is being raised for the first time on appeal (see *Gammal v La Casita Milta,* 5 AD3d 630 [2004]; *Sandoval v Juodzevich,* 293 AD2d 595, 595-596 [2002]; *Mourounas v Shahin,* 291 AD2d 537 [2002]; *Weber v Jacobs,* 289 AD2d 226 [2001]). In any event, the defendants were "not obligated to provide a constant remedy to the problem of water being tracked into a building in rainy weather" (*Yearwood v Cushman & Wakefield,* 294 AD2d 568, 568 [2002]; *see Ford v Citibank, N.A.,* 11 AD3d 508, 509 [2004]; *Spooner v New York City Tr. Auth.,* 298 AD2d 575, 575-576 [2002]). Moreover, even if the defendants were aware that the accumulation of water on the floors of their building during a steady rain was a recurring condition, the evidence relied upon by the plaintiff to raise a triable issue of fact as to whether there was a known recurrence was not sufficiently time or site-specific to support a claim of constructive notice (see *Yearwood v Cushman & Wakefield, supra; see also Dember v Winthrop Univ. Hosp.,* 272 AD2d 431 [2000]; *McDuffie v Fleet Fin. Group, supra; cf. Fielding v Rachlin Mgt. Corp.,* 309 AD2d 894 [2003]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them was properly granted. Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.