■ Lucy Hackbarth et al., Appellants, v McDonalds Corporation et al., Respondents. [818 NYS2d 578]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered March 10, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"The owner [or operator] of a store must take reasonable care that [its] customers shall not be exposed to danger of injury through conditions in the store or at the entrance which [it] invites the public to use" (*Miller v Gimbel Bros.,* 262 NY 107, 108 [1933]). However, the business owner or operator is not obligated to provide a constant remedy to the problem of water or

snow being tracked into the store caused by inclement weather (*see Miller v Gimbel Bros., supra; Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371, 372 [2005]; *Ford v Citibank, N.A.*, 11 AD3d 508, 509 [2004]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]).

In this slip-and-fall case, the defendants made a prima facie showing of their entitlement to summary judgment by presenting sufficient evidence to show that they neither created nor had actual or constructive notice of the allegedly dangerous condition created by snow being tracked into the entranceway to the defendants' fast-food restaurant (*see Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511, 512; *Bluman v Freeport Union Free School Dist.*, 5 AD3d 341, 342 [2004]; *Izrailova v Rego Realty*, 309 AD2d 902 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants created the condition, or whether it was visible and apparent for a sufficient period of time to be discovered and remedied by the defendants' employees (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Murphy v Lawrence Towers Apts., supra* at 371-372; *Ford v Citibank, N.A., supra* at 508-509; *Sook Ja Lee v Yi Mei Bakery Corp.*, 305 AD2d 579 [2003]; *Yearwood v Cushman & Wakefield, supra* at 568-569). Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.