■ LINDA HITZLER, Respondent, v ST. TERESA'S CHURCH, Appellant. [824 NYS2d 733]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated May 17, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell on water at the bottom of a staircase inside the defendant's premises. It was raining at the time of the accident. The building had been opened about 15 minutes before the accident, and only a few people entered the premises before the plaintiff.

The defendant met its initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of the condition for sufficient length of time to discover and remedy it (*see Hackbarth v McDonalds Corp.*, 31 AD3d 498 [2006]; *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511 [2005]; *Kershner v Pathmark Stores*, 280 AD2d 583 [2001]; *McDuffie v Fleet Fin. Group*, 269 AD2d 575 [2000]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendant created the condition or had actual or constructive notice of the dangerous condition (*see Hackbarth v McDonalds Corp., supra*; *Ford v Citibank, N.A.*, 11 AD3d 508, 509 [2004]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.