■ JOAN GULLO-GEORGIO, Appellant, v DUNKIN' DONUTS INCORPORATED et al., Respondents. [834 NYS2d 202]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 7, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"The owner [or operator] of a store must take reasonable care that [its] customers shall not be exposed to danger of injury through conditions in the store or at the entrance which [it] invites the public to use . . . However, the business owner or operator is not obligated to provide a constant remedy to the problem of water or snow being tracked into the store caused by inclement weather" (*Hackbarth v McDonalds Corp.,* 31 AD3d 498, 498- 499 [2006] [internal citations and quotations marks omitted]; *see Murphy v Lawrence Towers Apts., LLC,* 15 AD3d 371, 372 [2005]; *Ford v Citibank, N.A.,* 11 AD3d 508, 509 [2004]; *Yearwood v Cushman & Wakefield,* 294 AD2d 568 [2002]).

In this slip-and-fall case, the defendants made a prima facie showing of entitlement to summary judgment by presenting sufficient evidence, by way of the parties' and nonparties' dep-

osition testimony, demonstrating that they neither created the wet condition nor had actual or constructive notice thereof for a sufficient length of time for their employees to have discovered and remedied it. In opposition, the plaintiff failed to raise a triable issue of fact (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Hackbarth v McDonalds Corp., supra*; *Dubensky v 2900 Westchester Co., LLC*, 27 AD3d 514 [2006]; *Murphy v Lawrence Towers Apts., supra*; *Ford v Citibank, N.A., supra* at 509; *Yearwood v Cushman & Wakefield, supra*; *Negron v St. Patrick's Nursing Home*, 248 AD2d 687 [1998]). Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.