█ DENELL MIGUEL, Respondent, v SJS ASSOCIATES, LLC, et al., Appellants. [837 NYS2d 193]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated January 17, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and the facts, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff resided in an apartment building located in Flushing, Queens (hereinafter the building). The building is owned and maintained by the defendants. The vestibule of the building had a tiled floor. A mat covered a portion of the center of the floor where several tiles were missing and the mat, when properly placed, covered the area of the missing tiles.

On August 12, 2001, at about 5:00 P.M., the plaintiff left the building to go to the supermarket two blocks away. It had been raining all day. Upon returning from the supermarket about 30 minutes later, the plaintiff entered the vestibule of her building where she tripped and fell sustaining injuries which are the subject of this lawsuit.

The bill of particulars alleged, in substance, that the plaintiff's fall was caused by wet, slippery tile from the rainfall or, alternatively, by the failure of the owner to have proper or adequate matting to remedy the slippery condition caused by the rain.

The defendants moved for summary judgment dismissing the complaint and submitted proof to establish that they did not create the conditions that allegedly caused the plaintiff to fall nor did they have actual or constructive notice of such conditions prior to the occurrence in question. In support of that contention the defendants offered the deposition of the porter of the building. The porter testified that the mat in question was rather heavy and hard to move and that in the 16 years he worked at the building he had never seen the mat out of its place in the recess caused by the missing tiles. He also testified that on rainy days he mopped the tiled area frequently (at least once every two hours) with a dry mop.

"A landowner has a duty to maintain its premises in a reasonably safe condition" (*Rodriguez v White Plains Pub. Schools,* 35 AD3d 704, 705 [2006], citing *Basso v Miller,* 40 NY2d 233 [1976]). "A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Rodriguez v White Plains Pub. Schools, supra* at 705, citing *Perlongo v Park City 3 & 4 Apts., Inc.,* 31 AD3d 409 [2006]). Based on the deposition of the porter, we conclude that the defendants met this burden.

The plaintiff was unable to specify what caused her to fall. Initially she stated that she slipped on the wet tiles. However, she also claimed that the matting was misaligned and contributed to her falling. She claimed that both conditions were present when she left the building 30 minutes before she fell.

The Supreme Court improperly denied the defendants' motion for summary judgment. The plaintiff's proof in opposition was insufficient to raise a triable issue of fact as to whether the defendants created or had actual or constructive notice of the condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Hackbarth v McDonalds Corp.,* 31 AD3d 498 [2006]; *Dubensky v 2900 Westchester Co., LLC,* 27 AD3d 514 [2006]; *Murphy v Lawrence Towers Apts., LLC,* 15 AD3d 371 [2005]; *Ford v Citibank, N.A.,* 11 AD3d 508, 509 [2004]; *Yearwood v Cushman & Wakefield,* 294 AD2d 568 [2002]; *Negron v St. Patrick's Nursing Home,* 248 AD2d 687 [1998]). Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.