■ Jacqueline Pinto, Appellant, v Metropolitan Opera et al., Respondents. [877 NYS2d 470]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated January 18, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell on an accumulation of water at the foot of a staircase in the Metropolitan Opera House, which is owned by the defendant Lincoln Center for the Performing Arts, Inc., and operated by the defendant Metropolitan Opera. She subsequently commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that they did not create the alleged hazardous condition and did not have actual or constructive notice thereof. The plaintiff opposed the motion, contending, among other things, that the defendants had notice of a recurring condition of water being "tracked-in" from outside by patrons during inclement weather, permitting an inference of constructive notice, and that the defendants failed to take reasonable measures to abate the alleged accumulation of water. The Supreme Court granted the defendants' motion. We affirm.

In this slip-and-fall case, the defendants established their prima facie entitlement to judgment as a matter of law by presenting sufficient evidence to demonstrate that they neither

created the alleged dangerous condition nor had actual or constructive notice thereof for a sufficient length of time for their employees to have discovered and remedied it (*see Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 522 [2008]; *Frazier v City of New York*, 47 AD3d 757, 758 [2008]; *Prusak v New York City Hous. Auth.*, 43 AD3d 1022, 1022-1023 [2007]; *Gullo-Georgio v Dunkin' Donuts Inc.*, 38 AD3d 836, 836-837 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. The evidence submitted by the plaintiff failed to raise a triable issue of fact as to whether the accumulation of water existed for a period of time sufficient to impute constructive notice to the defendants (*see Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 411 [2006]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568, 569 [2002]). Moreover, assuming that the defendants were aware that water on the floor was a recurring condition in rainy or snowy weather, proof that the defendants were aware of this general condition would not be sufficient to establish constructive notice of the particular wet condition which allegedly caused the plaintiff to slip and fall (*see Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d at 411; *Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d 747, 750 [2007]; *Yearwood v Cushman & Wakefield*, 294 AD2d at 569). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.