■ ANA CARMONA, Appellant, v 40-25 HAMPTON, LLC, Respondent. [883 NYS2d 716]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated June 4, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on rain water which accumulated through an open window in the interior staircase of the defendant's apartment building. The window was accessible by anyone in the staircase. The defendant's superintendent stated that he had closed the window before precipitation began to fall, about 2¹/₂ hours before the incident.

The defendant established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of same (*see Arrufat v City of New York*, 45 AD3d 710 [2007]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 410-411 [2006]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant had actual notice of a recurring dangerous condition such that it could be charged with constructive notice of each specific reoccurrence of that condition (*cf. Erikson v J.I.B. Realty Corp.*, 12 AD3d 344 [2004]; *Weisenthal v Pickman*, 153 AD2d 849, 851 [1989]). General awareness that tenants at times opened the staircase window was insufficient to raise a triable issue of fact as to whether defendant had constructive notice of the wet condition in the stairway which allegedly caused the plaintiff to fall (*see generally Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511, 512 [2005]; *Gonzalez v Jenel Mgt. Corp.*, 11 AD3d 656 [2004]). Rivera, J.P., Florio, Belen and Austin, JJ., concur.