THOMAS MITTHAUER et al., Respondents, v T. MORIARTY & SON, INC., Appellant. [893 NYS2d 152]—

When asked at his deposition what caused his fall as he stepped from the portable toilet, Mitthauer testified: "I couldn't honestly tell you. I was mystified myself." Mitthauer also testified that, while the portable toilet was wobbly or "helter skelter" on some days, the toilet did not wobble when he exited it on the date of the accident. Mitthauer described the surface on the ground within a five-foot radius of his fall as unlevel, with "hills" and "valleys" caused by vehicles.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating, through the submission of Mitthauer's deposition testimony, that he was unable to identify a dangerous or defective condition actually causing his fall (*see Kaplan v Great Neck Donuts, Inc.*, 68 AD3d 931 [2009]; *Denicola v Costello*, 44 AD3d 990 [2007]; *Rodriguez v Cafaro*, 17 AD3d 658 [2005]). In response to the defendant's showing, the plaintiffs failed to raise a triable issue of fact. Proof of general ground conditions within a five-foot radius of the accident is irrelevant, and, thus, insufficient to raise a triable issue of fact, in the absence of evidence that the same conditions existed at the specific location where Mitthauer stepped (*see Pinto v Metropolitan Opera*, 61 AD3d 949 [2009]). The reply affidavit submitted by the plaintiffs in further support of the cross-motion, in which Mitthauer claimed, inter alia, that the portable toilet was unsteady and improperly placed, contradicted the earlier deposition testimony that it was steady at the time of the accident, and merely raised feigned issues of fact designed to avoid the consequences of the earlier deposition (*see DeNicola v Costello*, 44 AD3d at 990). The reply affidavit also failed to address the condition of the ground at the specific area where Mitthauer's fall occurred (*see Pinto v Metropolitan Opera*, 61 AD3d at 949).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.