■ Shulamit Razla, Appellant, v Surgical Sock Shop II, Inc., et al., Respondents. [893 NYS2d 874]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings

County (Bayne, J.), dated December 15, 2008, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff slipped and fell inside premises owned by the defendant 59 Realty, Inc., as she was about to descend the stairs leading to a store operated by the defendant Surgical Sock Shop II, Inc. The plaintiff claims that she slipped due to the wet condition of the staircase landing, which allegedly was caused by tracked-in water or snow.

"The owner [or operator] of a store must take reasonable care that [its] customers shall not be exposed to danger of injury through conditions in the store or at the entrance which [it] invites the public to use. However, the business owner or operator is not obligated to provide a constant remedy to the problem of water or snow being tracked into the store caused by inclement weather" (*Hackbarth v McDonalds Corp.*, 31 AD3d 498, 498-499 [2006] [internal citations and quotation marks omitted]; *see Gullo-Georgio v Dunkin' Donuts Inc.*, 38 AD3d 836 [2007]). A property owner similarly is not required to constantly remove all moisture resulting from tracked-in precipitation (*see Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511 [2005]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]).

Contrary to the plaintiff's contention, both defendants made a prima facie showing of their entitlement to judgment as a matter of law by presenting sufficient evidence to demonstrate that they neither created the alleged wet condition, nor had actual or constructive notice of the condition for a sufficient length of time for their employees to have discovered and remedied it (*see Pinto v Metropolitan Opera*, 61 AD3d 949, 950 [2009]; *Akhtar v Zucker*, 50 AD3d 932, 933 [2008]; *Gullo-Georgio v Dunkin' Donuts Inc.*, 38 AD3d at 837; *Hitzler v St. Teresa's Church*, 35 AD3d 369 [2006]; *Hackbarth v McDonalds Corp.*, 31 AD3d at 499). In opposition, the plaintiff failed to raise a triable issue of fact (*see Pinto v Metropolitan Opera*, 61 AD3d at 950; *Akhtar v Zucker*, 50 AD3d at 933; *Gullo-Georgio v Dunkin' Donuts Inc.*, 38 AD3d at 837; *Hackbarth v McDonalds Corp.*, 31 AD3d at 499). Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Miller, Eng and Roman, JJ., concur.