■ Maria Naulo et al., Appellants, v New York City Board of Education, Respondent. [896 NYS2d 155]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Miller, J.), dated August 4, 2008, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly was injured at the defendant's school on a rainy day when she slipped and fell on water on a step of an interior staircase connecting the fourth and fifth floors. The infant plaintiff did not see any water on the step either before or after the accident. She claimed that the step must have been wet because after she fell onto the landing between the two floors, her hands and a small portion of her jeans were wet.

The defendant, the New York City Board of Education, submitted evidence sufficient to establish, prima facie, that it neither created the alleged wet condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d 747 [2007]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]). In opposition to the defendant's motion for summary judgment, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). "[T]he defendant was not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v*

*St. Patrick's Nursing Home,* 248 AD2d 687 [1998]; *see Rogers v Rockefeller Group Intl., Inc.,* 38 AD3d 747 [2007]; *Dubensky v 2900 Westchester Co., LLC,* 27 AD3d 514 [2006]; *Yearwood v Cushman & Wakefield,* 294 AD2d 568 [2002]). Moreover, the defendant's general awareness that the stairs could become wet during inclement weather was insufficient to raise a triable issue of fact as to whether the defendant had constructive notice of the specific condition which caused the infant plaintiff to fall (*see Perlongo v Park City 3 & 4 Apts., Inc.,* 31 AD3d at 411; *Yearwood v Cushman & Wakefield, Inc.,* 294 AD2d at 569). In addition, the findings of the plaintiffs' purported expert, who inspected the subject staircase more than six years after the accident, were conclusory and insufficient to raise a triable issue of fact (*see Verma v City of New York,* 62 AD3d 863, 863-864 [2009]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly, inter alia, granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Dillon, Eng and Roman, JJ., concur. **[Prior Case History: 20 Misc 3d 1129(A), 2008 NY Slip Op 51659(U).]**