In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Taylor, J.), entered November 6, 2009, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
The injured plaintiff fell in the produce aisle of the defendants’ supermarket. The injured plaintiff commenced this action to recover damages for personal injuries allegedly sustained in the fall and her husband, suing derivatively, asserted a claim for loss of services. The bill of particulars alleged, in substance, that the defendants caused the injured plaintiffs accident by “failing to control . . . spraying mechanisms from spraying water on the floor of the aisle [and] allowing wet fruits and vegetables to cover a portion of the floor of the aisle.”
The defendants moved for summary judgment dismissing the complaint. “A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it” (Rodriguez v White Plains Pub. Schools, 35 AD3d 704, 705 [2006]; see Perlongo v Park City 3 & 4 Apts., Inc., 31 AD3d 409 [2006]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Negri v Stop & Shop, 65 NY2d 625, 626 [1985]; Lewis v Metropolitan Transp. Auth., 64 NY2d 670 [1984]).
In support of their motion, the defendants submitted proof that they did not create the conditions that allegedly caused the injured plaintiff to fall, and did not have actual or constructive notice of such conditions prior to the occurrence in question. Specifically, the defendants proffered the affidavit of the store manager who was working at the time of the accident. The manager averred that, sometime within the hour immediately before the injured plaintiff fell, he had inspected the produce aisle and did not observe any produce or any dangerous condition on the floor. The defendants also submitted a piece of the rubber matting on which the injured plaintiff was walking at *550 the time of the incident, which had been installed along the entire length of the floor in front of the produce display. Moreover, a videotape of the subject aisle demonstrated the absence of any visible or apparent defect in the area where the injured plaintiff fell, where several other customers were walking without incident immediately before and after the accident.
Based on the defendants’ submissions, we conclude, contrary to the plaintiffs’ contention, that the defendants met their burden of proof on the motion, notwithstanding their submission of the transcript of the deposition testimony of the injured plaintiff in support of the motion. At her deposition, the injured plaintiff was unable to specify what caused her to fall. Initially, she stated that she neither knew nor remembered on what she allegedly slipped. She then asserted, “I thought—but I don’t remember, I thought it was spinach.” Further, although the injured plaintiff testified that, after she fell, she observed water from a vegetable mister hitting the vegetables and dripping onto the floor, she did not testify that she stepped in or slipped on the water prior to her accident, or that the water caused her fall (see Raghu v New York City Hous. Auth., 72 AD3d 480 [2010]; Bykofsky v Waldbaum’s Supermarkets, 210 AD2d 280, 280-281 [1994]).
In opposition to the defendants’ prima facie establishment of their entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact.
There is no merit to the plaintiffs’ remaining contention regarding the propriety of the Supreme Court’s consideration and review of the videotape submitted by the defendants in connection with the motion for summary judgment.
Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint (see Gordon v American Museum of Natural History, 67 NY2d at 837-838; Miguel v SJS Assoc., LLC, 40 AD3d 942, 944 [2007]; Hackbarth v McDonalds Corp., 31 AD3d 498, 499 [2006]; Dubensky v 2900 Westchester Co., LLC, 27 AD3d 514, 514-515 [2006]; Berger v ISK Manhattan, Inc., 10 AD3d 510, 512 [2004]; Zanki v Cahill, 2 AD3d 197, 199 [2003], affd 2 NY3d 783 [2004]; Keum Choi v Olympia & York Water St. Co., 278 AD2d 106, 107 [2000]; Goldman v Waldbaum, Inc., 248 AD2d 436, 437 [1998]; Varrone v Dinaro, 209 AD2d 508, 509 [1994]). Skelos, J.P., Hall, Roman and Sgroi, JJ., concur.