■ INGRID BABB, Appellant, v MARSHALLS OF MA, INC., Respondents. [911 NYS2d 640]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), entered July 2, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In a slip-and-fall accident, a defendant moving for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Crapanzano v Balkon Realty Co.*, 68 AD3d 1042, 1042-1043 [2009]; *Perlongo v*

*Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 410 [2006]; *see also Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]; *Ford v Citibank, N.A.*, 11 AD3d 508 [2004]). To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (*see Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see also Porco v Marshalls Dept. Stores*, 30 AD3d 284 [2006]). Here, the plaintiff testified at her deposition that, on the date of the subject accident, it had been raining intermittently until approximately 30-40 minutes before she arrived at the defendants' store, at which point the rain stopped. The defendants, however, failed to offer any evidence as to when, if at all, they cleaned or mopped the floor on that date at the location where the plaintiff alleged she fell due to an accumulation of rainwater.

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In light of the foregoing, we need not reach the plaintiff's remaining contentions. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.