■ ALEXANDRA ORLOV et al., Appellants, v BFP 245 PARK Co., LLC, et al., Respondents. [922 NYS2d 479]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Taylor, J.), entered January 29, 2010, as granted those branches of the separate motions of the defendants BFP 245 Park Co., LLC, and Brookfield Properties, LLC, and the defendant Harvard Maintenance, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) of an order of the same court dated August 13, 2010, as, in effect, upon renewal, adhered to the original determination.

Ordered that the appeal from the order entered January 29, 2010, is dismissed, as that order was superseded by the order dated August 13, 2010, made, in effect, upon renewal; and it is further,

Ordered that the order dated August 13, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

During a period of ongoing precipitation, the plaintiff Alexandra Orlov allegedly was injured when she slipped and fell in the lobby area of the premises owned and managed by the defendants BFP 245 Park Co., LLC, and Brookfield Properties, LLC (hereinafter together the Brookfield defendants). The Brookfield defendants had hired the defendant Harvard Maintenance, Inc. (hereinafter Harvard), to provide cleaning services at the premises. In an order entered January 29, 2010, the Supreme Court, inter alia, granted those branches of the separate motions of the Brookfield defendants and Harvard which were for summary judgment dismissing the complaint insofar as asserted against each of them. Subsequently, the plaintiffs moved, among other things, pursuant to CPLR 2221 (e) for leave to renew their opposition to the defendants' motions. In an order dated August 13, 2010, the Supreme Court, inter alia, in effect, upon renewal, adhered to its original determination. We affirm the order dated August 13, 2010, insofar as appealed from.

The Brookfield defendants and Harvard established their prima facie entitlement to judgment as a matter of law by presenting sufficient evidence to demonstrate that they neither created the alleged dangerous condition nor had actual or constructive notice thereof for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 682 [2010]; *Dubensky v 2900 Westchester Co., LLC*, 27 AD3d 514, 514-515 [2006]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568, 568-569 [2002]).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The defendants were " 'not required to cover all of [the] floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain' " (*Naulo v New York City Bd. of Educ.*, 71 AD3d 651, 651 [2010], quoting *Negron v St. Patrick's Nursing Home*, 248 AD2d 687 [1998]). In addition, the findings of the plaintiffs' expert were conclusory and insufficient to raise a triable issue of fact (*see Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 466 [2009]; *Jones v City of New York*, 32 AD3d 706, 707 [2006]; *Rosen v Tanning Loft*, 16 AD3d 480, 481 [2005]). Accordingly, the Supreme Court properly granted those branches of the separate motions of the Brookfield defendants and Harvard which were for summary judgment dismissing the complaint insofar as asserted against each of them. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.