■ RUI-JIAO LIU, Respondent, v CITY OF WHITE PLAINS et al., Appellants. [945 NYS2d 174]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered July 8, 2011, which denied the motion of the defendant City of White Plains for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendant City of White Plains Parking Department is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed on the appeal by the defendant City of White Plains, on the law, and the motion of the defendant City of White Plains for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant City of White Plains.

On September 26, 2008, the plaintiff, while walking on her way to work from the White Plains Metro North train station, allegedly sustained personal injuries when she slipped and fell while descending from the fourth step from the bottom of a stairway (hereinafter the subject step) just above a landing between the first and second floors of the south stairwell in the Trans Center parking garage (hereinafter the parking garage). The parking garage was owned by the defendant City of White Plains and operated by the defendant City of White Plains Parking Department (hereinafter the Parking Department). The parking garage was attached to the northbound Metro North train platform by two pedestrian bridges, which were covered by roofs but not shielded by side windows, so that the pedestrian bridges were open to the elements. At the end of one of the pedestrian bridges, there was access to the third floor of the parking garage through a door. Entry to the south stairwell, which led to the ground floor of the parking garage, was also located at or near that door.

The plaintiff, who entered the south stairwell on the third floor, allegedly slipped while she was walking down the stairway leading from the second floor to the first floor of the parking garage. At the time of the accident, there was a heavy rain which had been falling since the previous night.

The plaintiff commenced this action against the City and the Parking Department to recover damages for her alleged personal injuries, contending that the defendants were responsible for her injuries since the subject step was hazardous because it was wet and defective. The City answered the complaint and eventually moved for summary judgment dismissing the complaint insofar as asserted against it.

The City established its prima facie entitlement to judgment as a matter of law. With respect to the plaintiff's contention that the subject step was a hazard because it was wet, the City submitted transcripts of the plaintiff's testimony, given during both her hearing pursuant to General Municipal Law § 50-h, and her deposition, that the subject step was wet due to precipitation that was tracked in by other commuters, that there were no puddles on the steps and that the rainstorm was ongoing at the time of the accident. "A property owner . . . is not required to constantly remove all moisture resulting from tracked-in precipitation" (*Razla v Surgical Sock Shop II, Inc.*, 70 AD3d 916, 917 [2010]; *see Orlov v BFP 245 Park Co., LLC*, 84 AD3d 764, 765 [2011]; *Naulo v New York City Bd. of Educ.*, 71 AD3d 651, 651 [2010]; *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511, 512 [2005]). The City also submitted evidence that the subject stairwell was checked between 6:30 A.M. and 7:00 A.M. on the morning of the accident, and that the accident occurred at 9:00 A.M., during rush hour. Thus, the City made a prima facie showing that it neither created the alleged wet condition nor had actual or constructive notice of the condition for a sufficient length of time for its daytime ramp attendant to have discovered and remedied it (*see Orlov v BFP 245 Park Co., LLC*, 84 AD3d at 765; *Naulo v New York City Bd. of Educ.*, 71 AD3d at 651; *Razla v Surgical Sock Shop II, Inc.*, 70 AD3d at 917; *Pinto v Metropolitan Opera*, 61 AD3d 949, 949-950 [2009]; *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d at 512). Further, the City demonstrated that it neither created, nor had actual or constructive notice of, any structural or physical defect on the stairway that might have caused or contributed to the plaintiff's accident.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's own deposition and General Municipal Law § 50-h hearing testimony clearly showed that it was raining heavily at the time she entered the stairwell, and that the water on the steps appeared to be there from having been tracked in by other commuters. Therefore, the plaintiff's own testimony established that the City did not create the allegedly hazardous slipping condition (*see Spooner v New York City Tr. Auth.*, 298

AD2d 575, 575 [2002]; *see also Solazzo v New York City Tr. Auth.*, 21 AD3d 735, 736 [2005], *affd* 6 NY3d 734 [2005]).

Moreover, the plaintiff failed to raise a triable issue of fact with respect to whether the City created an alleged structural or physical defect that caused or contributed to the accident through an affirmative act of negligence, or whether it had actual or constructive notice of such a structural or physical defect. The findings of the plaintiff's expert were not supported by empirical data or any relevant construction practices or industry standards concerning the alleged defect which actually caused the accident, or how he reached his conclusions (*see Loughlin v Town of N. Hempstead*, 84 AD3d at 1035; *Miller v Kings Park Cent. School Dist.*, 54 AD3d 314, 315 [2008]; *Delgado v County of Suffolk*, 40 AD3d at 576; *see also Brown v City of New York*, 69 AD3d 893, 894 [2010]). In addition, the plaintiff's expert failed to establish that the structural or physical condition of the staircase on the date of the accident was the same as the structural or physical condition of the staircase on the date of his inspection more than two years after the accident occurred (*see Miller v Kings Park Cent. School Dist.*, 54 AD3d at 315; *McCarthy v State of New York*, 167 AD2d 516, 517 [1990]). Further, the plaintiff's expert relied upon facts which were contrary to the plaintiff's sworn testimony given at her General Municipal Law § 50-h hearing and deposition as to the cause of the accident, which was completely unrelated to the structural condition or state or repair of the surface on which she allegedly slipped. Consequently, the affidavit of the plaintiff's expert was conclusory and speculative, and insufficient to raise a triable issue of fact sufficient to defeat the City's showing of its entitlement to judgment as a matter of law.

Accordingly, the Supreme Court improperly denied the City's motion for summary judgment dismissing the complaint insofar as asserted against it. In light of our determination, we need not address the City's contention that Municipal Code of City of White Plains § 277 requires prior written notice of the defect in the staircase as a condition precedent to the commencement of this action by virtue of the fact that the subject pedestrian staircase was located in a municipal decked parking garage (*cf. Groninger v Village of Mamaroneck*, 17 NY3d 125 [2011]; *Walker v Town of Hempstead*, 84 NY2d 360 [1994]).

With respect to the Parking Department, it neither answered the complaint nor moved for summary judgment dismissing the complaint insofar as asserted against it. As a result, the appeal by the Parking Department must be dismissed, as it is not aggrieved by the order appealed from (*see* CPLR 5511; *Mixon v*

*TBV, Inc.*, 76 AD3d 144 [2010]). Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.