To determine that a jury verdict is not supported by legally sufficient evidence, the court must conclude that there is “simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). The evidence must be viewed in the light most favorable to the prevailing party (see Hammond v Diaz, 82 AD3d 839 [2011]; Dublis v Bosco, 71 AD3d 817 [2010]).
Based on the evidence presented at the trial, there was no valid line of reasoning and permissible inferences which could possibly have led the jury to rationally conclude that the defendants created or had actual or constructive notice of the alleged hazardous condition that caused the plaintiff to fall (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]). A general awareness that water might be tracked into a building when it rains is insufficient to impute to the defendants constructive notice of the particular dangerous condition (see Piacquadio v Recine Realty Corp., 84 NY2d 967 [1994]; Orlov v BFP 245 Park Co., LLC, 84 AD3d 764 [2011]; Perlongo v Park City 3 & 4 Apts., Inc., 31 AD3d 409 [2006]; Dubensky v 2900 Westchester Co., LLC, 27 AD3d 514 [2006]; Yearwood v Cushman & Wakefield, 294 AD2d 568 [2002]; Negron v St. Patrick’s Nursing Home, 248 AD2d 687 [1998]). Accordingly, the Supreme Court properly granted the defendants’ motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment in their favor as a matter of law. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.