(July 24, 2013)

■ AMPARO CARUSO et al., Respondents, v BARNARD COLLEGE, Defendant/Third-Party Plaintiff-Appellant-Respondent. CINTAS CORPORATION, Third-Party Defendant-Appellant. [968 NYS2d 900]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated June 7, 2012, as denied its motion for summary judgment dismissing the complaint, and the third-party defendant appeals from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff to the defendant/third-party plaintiff and one bill of costs payable by the defendant/third-party plaintiff to the third-party defendant, and the defendant/third-party plaintiff's motion for summary judgment dismissing the complaint and the third-party defendant's cross motion for summary judgment dismissing the third-party complaint are granted.

On November 14, 2008, during a rainstorm, Amparo Caruso allegedly was injured when she slipped and fell on a wet floor inside a building owned by the defendant, Barnard College (hereinafter Barnard). She, and her husband suing derivatively, commenced this action against Barnard to recover damages for personal injuries. Barnard then commenced a third-party action against Cintas Corporation (hereinafter Cintas), with which it had a contract concerning the maintenance of floor mats, seeking indemnification or contribution. Barnard eventually moved for summary judgment dismissing the complaint, and Cintas cross-moved for summary judgment dismissing the third-party complaint. The Supreme Court denied both motions.

Barnard demonstrated its prima facie entitlement to judgment as a matter of law by presenting sufficient evidence to demonstrate that it neither created the alleged dangerous condition nor had actual or constructive notice of it for a sufficient length of time to discover and remedy it (see Orlov v BFP 245 Park Co., LLC, 84 AD3d 764, 765 [2011]; Gibbs v Port Auth. of N.Y., 17 AD3d 252, 255 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Orlov v BFP 245 Park Co., LLC, 84 AD3d at 765). Accordingly, the Supreme Court should have granted Barnard's motion for summary judgment dismissing the complaint, as well as Cintas's cross motion for summary judgment dismissing Barnard's third-party complaint.

Cintas's remaining contentions need not be reached in light of our determination. Eng, P.J., Balkin, Roman and Miller, JJ., concur.