(December 24, 2014)

■ SILVIA AGUILA, Appellant, v FOX HILLS PARTNERS, LLC, et al., Respondents. [997 NYS2d 318]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated June 21, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the allegedly dangerous condition of accumulated water on the lobby floor upon which the plaintiff slipped and fell, or have actual or constructive notice of the condition (*see Paduano v 686 Forest Ave., LLC,* 119 AD3d 845 [2014]; *Sarandrea v St. Charles Sch.,* 118 AD3d 690 [2014]; *Orlov v BFP 245 Park Co., LLC,* 84 AD3d 764 [2011]; *Babb v Marshalls of MA, Inc.,* 78 AD3d 976 [2010]; *Perlongo v Park City 3 & 4 Apts., Inc.,* 31 AD3d 409 [2006]; *Murphy v Lawrence Towers Apts., LLC,* 15 AD3d 371 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The defendants were not required to cover all of the floor with mats or continuously mop up all moisture resulting from tracked-in rain (*see Paduano v 686 Forest Ave., LLC,* 119 AD3d at 845-846; *Sarandrea v St. Charles Sch.,* 118 AD3d at 691; *Naulo v New York City Bd. of Educ.,* 71 AD3d 651 [2010]; *Negron v St. Patrick's Nursing Home,* 248 AD2d 687 [1998]). Moreover, "[a] general awareness that water might be tracked into a building when it rains is insufficient to impute to the defendants constructive notice of the particular dangerous condition" (*Musante v Department of Educ. of City of N.Y.,* 97 AD3d 731, 731 [2012]; *see Yearwood v Cushman & Wakefield,* 294 AD2d 568 [2002]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.