■ OLGA KOZIAR, Appellant, v GRAND PALACE RESTAURANT, Respondent. [3 NYS3d 96]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated May 3, 2013, which granted the de-

fendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she slipped and fell on a wet spot on a dance floor in the defendant's catering hall.

In a slip-and-fall case, a defendant moving for summary judgment ordinarily has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see *Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 681 [2010]; *Pinto v Metropolitan Opera*, 61 AD3d 949, 949-950 [2009]; *Flynn v Fedcap Rehabilitation Servs., Inc.*, 31 AD3d 602, 603 [2006]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]). However, the prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings (see *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]; *Braver v Village of Cedarhurst*, 94 AD3d 933 [2012]). In this case, the plaintiff's pleadings alleged only that the defendant had actual notice of the condition. Therefore, the defendant was only required to establish, prima facie, that it lacked actual notice of the condition alleged.

In support of its motion, the defendant relied upon, inter alia, the deposition testimony of the plaintiff. That testimony alone was sufficient to establish, prima facie, that the defendant did not have actual notice of a wet condition on the dance floor prior to the accident. The plaintiff testified that it had been snowing heavily the entire day. Although the plaintiff testified that she advised a coat-check person, as well as a waiter, that there was water in the entrance lobby floor and on unspecified areas of the floor in the main room of the catering hall, she never testified that she advised anyone from the defendant's staff about snow, ice, or water on the dance floor prior to her accident. Additionally, her testimony concerning what her husband told the defendant's staff was hearsay and, in any event, it did not pertain specifically to the dance floor or any condition thereon. Furthermore, the deposition testimony and affidavit of the defendant's manager demonstrated that he had not received any complaints concerning snow, ice, or water on the dance floor prior to the accident. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's contention regarding the issue of constructive notice is improperly raised for the first time on appeal (see *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted.

In view of the foregoing, we do not reach the defendant's remaining contentions. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.