Wozny v Timson (2022 NY Slip Op 02452)

Wozny v Timson

2022 NY Slip Op 02452

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.

2020-00213
 (Index No. 1818/10)

[*1]Matthew Wozny, et al., appellants, 
v
Charles R. Timson, etc., defendant, Liat Jarkon-Horlick, etc., respondent.

Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for appellants.
Fumuso, Kelly, Swart, Farrell, Polin & Christensen, LLP, Hauppauge, NY (Scott G. Christensen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated September 9, 2019. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to serve a supplemental bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about January 12, 2010, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent. In the complaint, the plaintiffs alleged, with regard to the cause of action alleging lack of informed consent, among other things, that the defendants failed to warn the plaintiff Matthew Wozny (hereinafter the injured plaintiff) about the hazards and risks of taking the drug Depakote and to disclose alternatives thereto. In their bill of particulars, the plaintiffs alleged, inter alia, that the defendants were negligent "in failing to properly and adequately warn the [injured] plaintiff of the side effects attributed to the use of the drug Depakote."
By notice of motion dated April 26, 2019, the plaintiffs moved, among other things, for leave to serve a supplemental bill of particulars to add allegations to the effect that the defendants had failed to warn the injured plaintiff that Depakote "has a known risk of affecting liver enzymes and weight gain and/or acute pancreatitis" and to disclose alternatives thereto. In an order dated September 9, 2019, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion as improper under CPLR 3043(b). The plaintiffs appeal.
The Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to serve a supplemental bill of particulars, but it should have done so only on the ground that the supplementation is not necessary. Evidence that the hazards of taking Depakote include "a known risk of affecting liver enzymes and weight gain and/or acute pancreatitis" and that the defendants failed to inform the injured plaintiff of those risks and of alternatives to Depakote may be offered on the pleadings as they already exist (see Friedman v Gannett Satellite Info. Network, Inc. , 302 AD2d 491, 492; see generally Benn v O'Daly , 202 AD2d 464, 465).
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court