■ JULIET OSBOURNE, Appellant, v 80-90 MAIDEN LANE DEL, LLC, et al., Respondents, et al., Defendants. [978 NYS2d 87]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 21, 2011, which granted that branch of the motion of the defendants 80-90 Maiden Lane Del, LLC, AM Property Holding Corp., and The Chetrit Group, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendants 80-90 Maiden Lane Del, LLC, AM Property Holding Corp., and The Chetrit Group, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff alleged that she fell on an accumulation of rainwater in the lobby of a building owned by the moving defendants. "A defendant [landowner] may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action" (*Mentasi v Eckerd Drugs*, 61 AD3d 650, 651 [2009]; *see Miller v Gimbel Bros.*, 262 NY 107, 108 [1933]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]).

Here, since the moving defendants failed to present any evidence as to when the subject area was last cleaned or inspected before the plaintiff's fall, they failed to establish, prima facie, that they did not have constructive notice of the allegedly dangerous condition (*see McPhaul v Mutual of Am. Life Ins. Co.*, 81 AD3d 609, 610 [2011]; *Babb v Marshalls of MA, Inc.*, 78 AD3d 976, 977 [2010]; *Roy v City of New York*, 65 AD3d 1030, 1031 [2009]). Accordingly, the Supreme Court should have denied that branch of the moving defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Lott, Austin and Roman, JJ., concur.