Rivera v Roman Catholic Archdiocese of N.Y. (2021 NY Slip Op 04769)





Rivera v Roman Catholic Archdiocese of N.Y.


2021 NY Slip Op 04769


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-14672
 (Index No. 34396/17)

[*1]Mary Kay Rivera, et al., appellants, 
v
Roman Catholic Archdiocese of New York, et al., respondents.


Richard A. Glickel, West Nyack, NY, for appellants.
Feerick Nugent MacCartney, PLLC, South Nyack, NY (Stephen Honan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated December 19, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
At approximately 8:30 p.m. on September 19, 2014, the plaintiff Mary Kay Rivera (hereinafter the injured plaintiff), who, along with other family members, was attending a function at the defendant St. Gregory Barbarigo School (hereinafter the school) in Rockland County, allegedly slipped and fell on water located on the floor of the school's "all purpose room." In September 2017, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendants. After discovery, the defendants moved for summary judgment dismissing the complaint, contending that they had neither actual nor constructive notice of the alleged wet condition. The Supreme Court granted the defendants' motion. The plaintiffs appeal.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). Here, the plaintiffs alleged in both their complaint and their bill of particulars that the defendants not only had actual and constructive notice of the alleged wet condition but that they also created it. Therefore, in support of their motion for summary judgment, the defendants were required to demonstrate, prima facie, that they did not create the alleged wet condition (see Nicosia v Bucky Demelas & Son Landscape Contrs., Inc., 194 AD3d 826). The defendants failed to make such a showing since they argued only that they lacked actual and constructive notice of the condition. While the defendants addressed the issue of creation for the first time in their reply papers, they failed to make a prima facie showing that they or their agents did not create the alleged wet condition, as it was their obligation to address this issue in their original motion papers (see Abtey v Trivigno, 188 AD3d 629, 631; Lopez v Cobra Logistics, Inc., 130 AD3d 880, 881).
As to notice, while the evidence submitted in support of the defendants' motion may have demonstrated, prima facie, that they did not have actual notice of the alleged wet condition upon which the injured plaintiff slipped and fell (see Koziar v Grand Palace Rest., 125 AD3d 607, 608), the defendants failed to establish, prima facie, that they did not have constructive notice of it (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598). "'A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it'" (Griffin v PMV Realty, LLC, 181 AD3d 912, 913, quoting Falco-Averett v Wal-Mart Stores, Inc., 174 AD3d 506, 507). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d at 598-599; see Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d 923).
Here, the defendants' submissions in support of their motion, including the affidavit of Daniel Sullivan, who was working as a volunteer at the school function, were insufficient to demonstrate, prima facie, that the defendants lacked constructive notice of the alleged wet condition. According to Sullivan, he was present at the school function but did not witness the injured plaintiff's fall. Although he stated that he inspected the floor prior to the event beginning at 7:00 p.m. and at times during the event and did not see any debris or water on the floor, he also stated that the injured plaintiff fell at approximately 8:30 p.m. "near the end of the event." Sullivan did not provide specific information as to when the area where the injured plaintiff fell was last cleaned or inspected relative to the time of the accident (see Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642; Hanney v White Plains Galleria, LP, 157 AD3d 660).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court