Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc. (2023 NY Slip Op 00229)

Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc.

2023 NY Slip Op 00229

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-00856
 (Index No. 505309/16)

[*1]Tamara Vinokurova, respondent, 
v
Edith and Carl Marks Jewish Community House of Bensonhurst, Inc., appellant.

KL Rotondo & Associates, Rye, NY (Kathi L. Rotondo of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 22, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured when, on a rainy morning, she slipped and fell inside a vestibule of a building owned by the defendant. The plaintiff subsequently commenced this action to recover damages for personal injuries. Following discovery, the defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that it lacked constructive notice of the alleged dangerous condition. The Supreme Court denied the motion, and the defendant appeals.
In a slip-and-fall case, a defendant moving for summary judgment "has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551). While a defendant is not required to cover all of its floors with mats, or to continuously mop up all moisture resulting from tracked-in precipitation (see Paduano v 686 Forest Ave., LLC, 119 AD3d 845; Curtis v Dayton Beach Park No. 1 Corp., 23 AD3d 511, 512; Negron v St. Patrick's Nursing Home, 248 AD2d 687), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (see Mentasi v Eckerd Drugs, 61 AD3d 650, 651; Ruic v Roman Catholic Diocese of Rockville Ctr., 51 AD3d 1000, 1001). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Rivera v Roman Catholic Archiocese of N.Y., 197 AD3d 744, 745 [internal quotation marks omitted]; see Fortune v Western Beef, Inc., 178 AD3d 671, 672). "'Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice'" (Butts v SJF, LLC, 171 AD3d 688, 689, quoting Herman v Lifeplex, LLC, 106 AD3d 1050, 1051; see Giantomaso v T. Weiss Realty Corp., 142 AD3d 950, 951).
Here, the evidence submitted by the defendant in support of its motion failed to demonstrate, prima facie, that it lacked constructive notice of the alleged dangerous condition that caused the plaintiff to fall. The defendant's building manager testified only as to the building's general cleaning and inspection practices—the defendant did not proffer any evidence demonstrating when the vestibule was last cleaned or inspected before the accident (see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948; Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Eksarko v Associated Supermarket, 155 AD3d 826, 827).
Since the defendant did not sustain its prima facie burden of establishing its entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court