Yarmak v LSS Leasing Corp. (2023 NY Slip Op 04686)

Yarmak v LSS Leasing Corp.

2023 NY Slip Op 04686

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2022-07222
 (Index No. 521241/17)

[*1]Rose Mary Mandanici Yarmak, respondent,
v
LSS Leasing Corp., et al., appellants.

Weiner Millo Morgan & Bonanno, LLC, New York, NY (Alan S. Weiner of counsel), for appellants.
Bisogno & Meyerson, LLP (Law Office of Judah Z. Cohen, PLLC, Woodmere, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 18, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2017, the plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly sustained on a snowy day in January 2015, when she slipped and fell on water in the lobby of the defendants' building. In an order dated August 18, 2022, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. The defendants appeal.
Although not required to cover all of its floors with mats, or to continuously mop up all moisture resulting from tracked-in precipitation (see Vinokurova v Edith & Carl Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, 752; Dubensky v 2900 Westchester Co., LLC, 27 AD3d 514), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (see Vinokurova v Edith & Carl Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752; Mentasi v Eckerd Drugs, 61 AD3d 650, 651). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in [*2]question was last cleaned or inspected relative to the time when the plaintiff fell" (Rivera v Roman Catholic Archiocese of N.Y., 197 AD3d 744, 745 [internal quotation marks omitted]; see Jordan v Juncalito Abajo Meat Corp., 131 AD3d 1012, 1012-1013). "'Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice'" (Butts v SJF, LLC, 171 AD3d 688, 689, quoting Herman v Lifeplex, LLC, 106 AD3d 1050, 1051).
Here, the evidence submitted by the defendants in support of their motion failed to demonstrate, prima facie, that they lacked constructive notice of the alleged dangerous condition that caused the plaintiff to fall. The defendants' building supervisor provided information only as to the building's general cleaning and inspection practices, and the defendants did not proffer any evidence demonstrating when the lobby was last cleaned or inspected before the accident (see Vinokurova v Edith & Carl Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752; Jordan v Juncalito Abajo Meat Corp., 131 AD3d at 1013; Osbourne v 80-90 Maiden Lane Del, LLC, 112 AD3d 898, 899).
Since the defendants did not sustain their prima facie burden of establishing their entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contention is without merit.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court