Phipps v Conifer Realty, LLC (2023 NY Slip Op 04966)

Phipps v Conifer Realty, LLC

2023 NY Slip Op 04966

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-06112
2022-01755
 (Index No. 613938/17)

[*1]Renee Phipps, respondent, 
v
Conifer Realty, LLC, appellant.

Smith Mazure, P.C., New York, NY (Stacey I. Malinow of counsel), for appellant.
Zemsky & Salomon, P.C., Hempstead, NY (Daren Atkinson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated July 13, 2021, and (2) an order of the same court dated February 15, 2022. The order dated July 13, 2021, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the complaint and, in effect, pursuant to CPLR 3126 to impose a monetary sanction upon the plaintiff for her failure to appear at an independent medical examination. The order dated February 15, 2022, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 2104 to enforce a settlement agreement.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In 2017, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell in a stairwell of an apartment building that was owned and operated by the defendant. In January 2020, the defendant's insurance carrier informed the defendant's attorney that it had settled the action with the plaintiff for $50,000. Thereafter, the defendant's attorney sent various letters and emails to the plaintiff's attorney attempting to confirm the settlement and have the plaintiff sign various documents related to the settlement.
After the plaintiff failed to sign the documents, the defendant moved, inter alia, for summary judgment dismissing the complaint and, in effect, pursuant to CPLR 3126 to impose a monetary sanction upon the plaintiff for her failure to appear at an independent medical examination. In an order dated July 13, 2021, the Supreme Court, among other things, denied those branches of the motion. The defendant subsequently moved, inter alia, pursuant to CPLR 2104 to enforce the alleged settlement agreement between the parties. In an order dated February 15, 2022, the court, among other things, denied that branch of the motion. The defendant appeals from both orders.
In a slip-and-fall case, a defendant moving for summary judgment "has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor [*2](2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, 751-752). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 751-752 [internal quotation marks omitted]). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (id. at 752 [internal quotation marks omitted]).
Here, the evidence submitted by the defendant in support of its motion failed to demonstrate, prima facie, that it did not have constructive notice of the alleged dangerous condition that caused the plaintiff to fall. The defendant failed to proffer any evidence demonstrating when the stairwell where the plaintiff allegedly fell was last cleaned or inspected before the accident, as the defendant's maintenance supervisor testified at a deposition only as to the building's general cleaning and inspection practices (see id.; Butts v SJF, LLC, 171 AD3d 688, 689). Since the defendant did not sustain its prima facie burden of establishing its entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 2104 to enforce the alleged settlement agreement. CPLR 2104 provides, in relevant part, that an agreement between parties "is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney." "To be enforceable, a settlement agreement must set forth all material terms, and there must be [a] clear mutual accord between the parties" (Martin v Harrington, 139 AD3d 1017, 1018; see Teixeira v Woodhaven Ctr. of Care, 173 AD3d 1108, 1109). "An email that merely confirms a purported settlement is not necessarily sufficient to bring the purported settlement into the scope of CPLR 2104" (Teixeira v Woodhaven Ctr. of Care, 173 AD3d at 1109).
Here, contrary to the defendant's contention, the email from the defendant's insurer to the defendant's counsel stating that the action had been settled, and the email exchange between the defendant's counsel and plaintiff's counsel regarding the plaintiff's execution of various documents related to the alleged settlement, did not evidence a clear mutual accord between the plaintiff and the defendant and did not contain all of the material terms of a settlement (see id.; Kataldo v Atlantic Chevrolet Cadillac, 161 AD3d 1059, 1060).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court