Hussain v Neurology Continuum, P.C. (2024 NY Slip Op 02180)

Hussain v Neurology Continuum, P.C.

2024 NY Slip Op 02180

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-00613
 (Index No. 507594/19)

[*1]Rahman Hussain, respondent, 
v
Neurology Continuum, P.C., et al., appellants.

Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for appellants.
Brian M. King (Richard C. Bell, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 20, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained on a snowy day in February 2019, when he slipped and fell on a wet floor in a building owned by the defendant Kuzlena Trust and leased to the defendant Neurology Continuum, P.C. (hereinafter Neurology Continuum). The defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that they lacked constructive notice of the alleged dangerous condition. In an order dated December 20, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
"Although [a defendant] is not required to cover all of its floors with mats, or to continuously mop up all moisture resulting from tracked-in precipitation, a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition or had actual or constructive notice of the condition and a reasonable time to undertake remedial action" (Yarmak v LSS Leasing Corp., 219 AD3d 1472, 1472 [citations omitted]; see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; Hickson v Walgreen Co., 150 AD3d 1087, 1087). A defendant has constructive notice of a dangerous condition when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Rivera v Roman Catholic Archdiocese of N.Y., 197 AD3d 744, 745).
Here, in moving for summary judgment, the defendants failed to establish, prima facie, that they lacked constructive notice of the alleged dangerous condition that caused the plaintiff to fall. The evidence submitted by the defendants, including the transcript of the deposition testimony of a physician employed by Neurology Continuum, who testified that he was responsible for maintaining the premises, did not demonstrate when the area where the plaintiff fell was last cleaned or inspected relative to the time of the accident (see Yarmak v LSS Leasing Corp., 219 AD3d [*2]at 1472; Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, 752).
Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied their motion for summary judgment, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court