Guzman v 787 Holdings, LLC (2024 NY Slip Op 03033)

Guzman v 787 Holdings, LLC

2024 NY Slip Op 03033

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2019-12994
 (Index No. 511261/15)

[*1]Ismael Guzman, appellant, 
v
787 Holdings, LLC, et al., respondents (and a third-party action).

Ginarte Gallardo Gonzalez Winograd, LLP, New York, NY (Michael L. Edelman and Anthony DeStefano of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (Alan R. Levy of counsel), for respondents and third-party defendant KBFK52, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 17, 2019. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant CBRE, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2015, the plaintiff commenced this action against the defendant 787 Holdings, LLC (hereinafter 787 Holdings), a special purpose entity that was the owner of a multitenant building located in Manhattan, and the defendant CBRE, Inc. (hereinafter CBRE), the entity that served as the property management company for the building, to recover damages for personal injuries. The plaintiff was employed by the third-party defendant Le Bernardin, Inc., a tenant of the building that operated a restaurant at the building, and allegedly was injured on June 7, 2013, when he slipped and fell on grease on the floor of a hallway in the basement-concourse level of the building, which was used by his coworkers and other tenants of the building. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated October 17, 2019, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff appeals.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241; Cabanas v Qiu Yu Zou, 215 AD3d 726, 727). In a premises liability case, a property owner, or a party in possession or control of real property, moving for summary judgment has the initial burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Phipps v Conifer Realty, LLC, 220 AD3d 654, [*2]655; Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 938).
A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Mowla v Baozhu Wu, 195 AD3d 706, 707). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, 752 [internal quotation marks omitted]; see Phipps v Conifer Realty, LLC, 220 AD3d at 655; Yarmak v LSS Leasing Corp., 219 AD3d 1472, 1472). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752 [internal quotation marks omitted]; see Phipps v Conifer Realty, LLC, 220 AD3d at 655; Yarmak v LSS Leasing Corp., 219 AD3d at 1472-1473).
Here, the evidence submitted by the defendants failed to demonstrate, prima facie, that CBRE, the property management company responsible for maintaining, cleaning, and inspecting the hallway where the accident occurred pursuant to its contract with 787 Holdings, did not owe a duty to the plaintiff (see Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579; Carter v Nouveau Indus., Inc., 187 AD3d 702, 703; see also Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1352). The defendants further failed to demonstrate, prima facie, that CBRE lacked constructive notice of the alleged dangerous condition, as they failed to submit any evidence as to when the area where the plaintiff slipped and fell was last cleaned or inspected relative to the time when the plaintiff fell (see Phipps v Conifer Realty, LLC, 220 AD3d at 655; Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d at 1352). Since the defendants failed to make a prima facie showing of CBRE's entitlement to judgment as a matter of law, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against CBRE should have been denied, without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With regard to 787 Holdings, the plaintiff has conceded that 787 Holdings relinquished control of the premises to CBRE such that 787 Holdings owed no duty to the plaintiff (see Santiago v City of New York, 206 AD3d 679, 681-682; Sawicka v Schwimmer, 187 AD3d 957, 958; cf. Gronski v County of Monroe, 18 NY3d 374, 381). Therefore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against 787 Holdings.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court