K. B. v City of Mount Vernon (2024 NY Slip Op 04299)

K. B. v City of Mount Vernon

2024 NY Slip Op 04299

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-03141
 (Index No. 54157/20)

[*1]K. B., etc., et al., appellants, 
v
City of Mount Vernon, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Law Office of Kimberley A. Carpenter, P.C., New Rochelle, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated March 9, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly was injured when one of two hinged metal panels covering a water meter pit gave way underneath her. The water meter pit was located in a public park owned by the defendant. The plaintiffs commenced this action, inter alia, to recover damages for personal injuries, alleging that the defendant failed to maintain the premises in a safe condition. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that constructive notice of a defect may not be imputed where the defect is latent. In an order dated March 9, 2023, the Supreme Court granted the defendant's motion, determining, inter alia, that the defendant made a prima facie showing that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence. The plaintiffs appeal.
"In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence" (Elizee v Village of Amityville, 172 AD3d 1004, 1004). Generally, "'[t]o meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell'" (Phipps v Conifer Realty, LLC, 220 AD3d 654, 655, quoting Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, 751-752). "'Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice'" (id., quoting Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752). However, "'[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it'" (M.A.M. v Palisades Ctr. Mall, 225 AD3d 844, 845, quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837). Thus, "'[w]hen a defect is latent and would not be discoverable upon a reasonable [*2]inspection, constructive notice may not be imputed'" (Alexandridis v Van Gogh Contr. Co., 180 AD3d 969, 972, quoting Schnell v Fitzgerald, 95 AD3d 1295, 1295).
Here, contrary to the plaintiffs' sole contention on appeal, the evidence submitted by the defendant established, prima facie, that the defendant did not have constructive notice of the defect in the hinges supporting the metal panel, which was latent and not discoverable upon a reasonable inspection prior to the infant plaintiff's fall (see Nelson v AMF Bowling Ctrs., Inc., 206 AD3d 929, 930; Marinaro v Reynolds, 152 AD3d 659, 660; Carrillo v Circle Manor Apts., 131 AD3d 662, 664; Lali v Ching Po Ng, 33 AD3d 668, 668). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court