Johnson v 2525-2537 Realty, LLC (2025 NY Slip Op 04239)

Johnson v 2525-2537 Realty, LLC

2025 NY Slip Op 04239

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-02664
 (Index No. 521481/20)

[*1]Hilfred Johnson, appellant, 
v
2525-2537 Realty, LLC, et al., respondents.

Bragoli & Associates, P.C., Melville, NY (Joseph M. Sorce of counsel), for appellant.
Hall Booth Smith, P.C., Garden City, NY (Jeffrey D. Present of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 27, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained when he slipped and fell on a wet interior staircase on property owned by the defendants. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they maintained their property in a reasonably safe condition. The plaintiff opposed the motion. In an order dated February 27, 2024, the Supreme Court granted the motion. The plaintiff appeals.
In a slip-and-fall case, a defendant moving for summary judgment "has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Jordon v Juncalito Abajo Meat Corp., 131 AD3d 1012, 1013). "Although not required to cover all of its floors with mats, or to continuously mop up all moisture resulting from tracked-in precipitation, a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition or had actual or constructive notice of the condition and a reasonable time to undertake remedial action" (Yarmak v LSS Leasing Corp., 219 AD3d 1472, 1472 [citations omitted]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Rivera v Roman Catholic Archdiocese of N.Y., 197 AD3d 744, 745 [internal quotation marks omitted]; see Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, 752). "'Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice'" (Butts [*2]v SJF, LLC, 171 AD3d 688, 689, quoting Herman v Lifeplex, LLC, 106 AD3d 1050, 1051).
Here, the evidence submitted by the defendants in support of their motion failed to demonstrate, prima facie, that they lacked constructive notice of the allegedly dangerous condition that caused the plaintiff to fall. The defendants' property manager provided information only as to the building's general cleaning and inspection practices, and the defendants did not proffer any evidence demonstrating when the staircase was last cleaned or inspected before the plaintiff slipped and fell (see Yarmak v LSS Leasing Corp., 219 AD3d at 1473; Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752). Contrary to the defendants' contention, their expert affidavit was insufficient to establish, prima facie, that the plaintiff was solely at fault in causing the slip and fall (see Pomilla v Bangiyev, 197 AD3d 1187, 1188; Epsicopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc., 157 AD3d 769, 771).
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
Since the defendants failed to meet their initial burden as the movants, the Supreme Court should have denied their motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court