Faison v Salumed Pharmacy, Inc. (2025 NY Slip Op 05221)

Faison v Salumed Pharmacy, Inc.

2025 NY Slip Op 05221

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-04773
 (Index No. 612679/18)

[*1]Hudson Faison, appellant, 
v
Salumed Pharmacy, Inc., et al., respondents, et al., defendant.

Davis & Ferber, LLP, Islandia, NY (Jennifer A. Spellman of counsel), for appellant.
Barbiero Bisch O'Connor & Commander, LLP, Melville, NY (Pamela Gleit of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated January 22, 2024. The order, insofar as appealed from, granted those branches of the motion of the defendants Salumed Pharmacy, Inc., 5th Ave Drug, Inc., and Cintas Corporation which were for summary judgment dismissing the second amended complaint insofar as asserted against the defendants Salumed Pharmacy, Inc., and 5th Ave Drug, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Salumed Pharmacy, Inc., 5th Ave Drug, Inc., and Cintas Corporation which were for summary judgment dismissing the second amended complaint insofar as asserted against the defendants Salumed Pharmacy, Inc., and 5th Ave Drug, Inc., are denied.
The plaintiff commenced this action against the defendants Salumed Pharmacy, Inc. (hereinafter the Pharmacy), 5th Ave Drug, Inc. (hereinafter 5th Ave), and Cintas Corporation (hereinafter collectively the defendants), among others, to recover damages for personal injuries he allegedly sustained on a rainy day in June 2018 when he slipped and fell on a wet tile floor in a pharmacy owned by the Pharmacy and 5th Ave. Subsequently, the defendants moved, inter alia, for summary judgment dismissing the second amended complaint insofar as asserted against the Pharmacy and 5th Ave on the ground, among others, that they lacked constructive notice of the alleged dangerous condition. The plaintiff opposed the motion. In an order dated January 22, 2024, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
"[A] defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition or had actual or constructive notice of the condition and a reasonable time to undertake remedial action" (Hussain v Neurology Continuum, P.C., 226 AD3d 987, 988 [internal quotation marks omitted]; Yarmak v LSS Leasing Corp., 219 AD3d 1472, 1472). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, [*2]752 [internal quotation marks omitted]; see Yarmak v LSS Leasing Corp., 219 AD3d at 1472). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752 [internal quotation marks omitted]; see Guzman v 787 Holdings, LLC, 228 AD3d 628, 630).
Here, the defendants failed to establish, prima facie, that the Pharmacy and 5th Ave did not have constructive notice of the wet floor condition that the plaintiff alleged caused him to fall. In support of their motion, the defendants did not provide any evidence as to when the area of the tile floor where the plaintiff fell was last cleaned or inspected prior to the incident, and the defendants merely referred to general cleaning and inspection practices (see Hussain v Neurology Continuum, P.C., 226 AD3d at 988; Yarmak v LSS Leasing Corp., 219 AD3d at 1473).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied those branches of their motion which were for summary judgment dismissing the second amended complaint insofar as asserted against the Pharmacy and 5th Ave, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court