King v Damiano Corp. of Canarsie (2025 NY Slip Op 05675)

King v Damiano Corp. of Canarsie

2025 NY Slip Op 05675

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-09843
 (Index No. 501703/20)

[*1]Annette C. King, respondent, 
v
Damiano Corp. of Canarsie, etc., appellant.

Rosenbaum & Taylor, P.C., White Plains, NY (Scott P. Taylor of counsel), for appellant.
Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated July 16, 2024. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when, on a rainy night, she slipped and fell on a wet vestibule floor of the defendant's restaurant. The defendant moved for summary judgment dismissing the complaint. In an order dated July 16, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Murray v Banco Popular, 132 AD3d 743, 744). While a "defendant [is] not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (Negron v St. Patrick's Nursing Home, 248 AD2d 687, 687; see Beceren v Joan Realty, LLC, 124 AD3d 572; Dubensky v 2900 Westchester Co., LLC, 27 AD3d 514), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (see Mentasi v Eckerd Drugs, 61 AD3d 650, 651; Ruic v Roman Catholic Diocese of Rockville Ctr., 51 AD3d 1000, 1001; Williams v JP Morgan Chase & Co., 39 AD3d 852, 853). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Rivera v Roman Catholic Archdiocese of N.Y., 197 AD3d 744, 745 [internal quotation marks omitted]; see Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, 752; Fortune v Western Beef, Inc., 178 AD3d 671, 672). "'Mere reference to general cleaning practices, with no [*2]evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice'" (Butts v SJF, LLC, 171 AD3d 688, 689, quoting Herman v Lifeplex, LLC, 106 AD3d 1050, 1051; see Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752; Giantomaso v T. Weiss Realty Corp., 142 AD3d 950, 951).
Here, the evidence submitted by the defendant in support of its motion failed to demonstrate, prima facie, that it lacked constructive notice of the alleged dangerous condition that caused the plaintiff to fall. The defendant did not proffer any evidence demonstrating when the vestibule floor was last cleaned or inspected before the accident (see Hussain v Neurology Continuum, P.C., 226 AD3d 987, 988; Yarmak v LSS Leasing Corp., 219 AD3d 1472, 1472-1473; Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752).
Since the defendant did not sustain its prima facie burden of establishing its entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court