Rowland v Brooklyn Hosp. Ctr.

2026 NY Slip Op 02861

May 6, 2026

Appellate Division, Second Department

Taylor

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Tracy Rowland, respondent, DECISION AND ORDER

v

Brooklyn Hospital Center, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2023-09254, 2024-07563, (Index No. 522771/18)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Furman Kornfeld & Brennan LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Melissa A. Danowski], of counsel), for appellant.

Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.

APPEALS by the defendant, in an action to recover damages for personal injuries, from (1) an order of the Supreme Court (Richard Velasquez, J.), dated June 21, 2023, and entered in Kings County, and (2) an order of the same court dated May 1, 2024. The order dated June 21, 2023, denied the defendant's motion for summary judgment dismissing the complaint. The order dated May 1, 2024, insofar as appealed from, upon reargument, adhered to the determination in the order dated June 21, 2023, denying the defendant's motion for summary judgment dismissing the complaint.

Taylor, J.

[*1]

In this slip-and-fall case, this Court is presented with an opportunity to clarify the boundaries of New York's common-law storm in progress rule (see generally Polis v City of New York, 230 AD3d 807, 808; Powell v MLG Hillside Assoc., 290 AD2d 345, 345). For the reasons that follow, we hold that the storm in progress rule does not apply to an accident that occurs inside of a building. Furthermore, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.

I. Factual and procedural background

On the morning of November 5, 2018, the plaintiff went to the defendant, Brooklyn Hospital Center (hereinafter BHC), to see her podiatrist. The plaintiff was ambulating with crutches, and immediately upon entering BHC's building, in a vestibule, she slipped and fell on water. At the time of the accident, it was raining outside.

Thereafter, the plaintiff commenced this action against BHC to recover damages for her personal injuries related to the accident, alleging that BHC was negligent in, among other things, maintaining the vestibule area where the accident occurred.

After the completion of discovery, BHC moved for summary judgment dismissing the complaint. In particular, BHC argued, inter alia, that pursuant to New York's common-law storm in progress rule, it could not be held liable for an accident caused by precipitation from a storm [*2]that occurred while the storm was ongoing. BHC also argued that it did not have actual or constructive notice of the alleged condition, and that it took reasonable steps to address any tracked-in rain. In an order dated June 21, 2023, the Supreme Court denied BHC's motion. BHC moved for leave to reargue its prior motion. In an order dated May 1, 2024, the court granted BHC leave to reargue and, upon reargument, adhered to the determination in the order dated June 21, 2023. BHC appeals from both orders. We affirm.

II. The storm in progress rule

Contrary to BHC's contention, New York's common-law storm in progress rule does not apply to an accident that occurs inside of a building as a result of tracked-in precipitation or other conditions.

The origins of New York's common-law storm in progress rule appear to be from a series of cases from the Court of Appeals involving slip-and-fall accidents on premises owned by railroad corporations (see Kelly v Manhattan Ry. Co., 112 NY 443, abrogated on other grounds by Bethel v New York City Tr. Auth., 92 NY2d 348; Palmer v Pennsylvania Co., 111 NY 488). In Palmer v Pennsylvania Co. (111 NY at 493), a passenger slipped and fell on the exposed platform of a railway car that had been traveling "during a continuous storm." In determining that a judgment in favor of the passenger should be reversed and a new trial ordered, the Court emphasized that "no ordinary diligence could, during the prevalence of a storm, wholly remove" "[t]he presence of snow or ice upon exposed places" (id.). In Kelly v Manhattan Ry. Co. (112 NY at 452), the plaintiff slipped and fell on an exposed stairway leading from the defendant's train station to the street, immediately after a "cold and stormy" night in which "[s]now fell mixed with sleet." Although the Court reversed a judgment in favor of the plaintiff on other grounds, the Court also noted that the defendant's "failure to throw ashes or sawdust or something of that character upon the steps during the storm cannot be regarded as negligence, because the continuance of the storm would soon render the steps as slippery as before; and it seems to us that culpable negligence cannot be predicated upon the failure to clean off the steps between the time the storm ceased, which was between three and four o'clock in the morning, and the time when the accident happened" (id.).

The rule, first articulated more than a century ago, has been enshrined in New York's jurisprudence (see Battaglia v MDC Concourse Ctr., LLC, 34 NY3d 1164, 1166; Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021; Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; see also Moorhead v Hummel, 36 AD2d 682, 683; McAuley v United Cigar Stores Co. of Am., Inc., 204 App Div 356, 357, affd 236 NY 633; Meginn v Ramsdell, 163 App Div 232, 233; Valentine v State of New York, 197 Misc 972 [Ct Cl], affd 277 App Div 1069) and adopted in a number of other jurisdictions (see e.g. Pareja v Princeton Intl. Props., 246 NJ 546, 252 A3d 184; Laine v Speedway, LLC, 177 A3d 1227 [Del]; Mattson v St. Luke's Hosp. of St. Paul, 252 Minn 230, 89 NW2d 743; Walker v Memorial Hosp., 187 Va 5, 45 SE2d 898). The modern formulation of the rule has been stated as, "a property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of the storm, within which time the owner has the opportunity to ameliorate the hazards caused by the storm" (Polis v City of New York, 230 AD3d at 808 [internal quotation marks omitted]; see Fitzsimons v North Shore Univ. Hosp., 205 AD3d 684, 685).FN1

The purpose of the rule, which is to relieve property owners of the obligation to remove snow or ice while continuing storm conditions would render such efforts fruitless, has not changed (see Powell v MLG Hillside Assoc., 290 AD2d at 345; see also Kelly v Manhattan Ry. Co., 112 NY at 452; Valentine v State of New York, 197 Misc at 975). Thus, the rule does not apply to an icy condition that existed prior to the storm that is the subject of the litigation (see Gervasi v Blagojevic, 158 AD3d 613, 614). Further, while "[a] lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety" (Fenner v 1011 Rte. 109 Corp., 122 AD3d 669, 670), "if the storm has passed and precipitation [*3]has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (Mazzella v City of New York, 72 AD3d 755, 756 [internal quotation marks omitted]; see Johnson v Pawling Cent. Sch. Dist., 196 AD3d 686, 687; cf. Alvarado v Wegmans Food Mkts., Inc., 134 AD3d 1440, 1441). "[E]ven if a storm is ongoing, once a property owner elects to remove snow or ice, it must do so FN2with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm" (Polis v City of New York, 230 AD3d at 808 [internal quotation marks omitted]).

Insofar as relevant here, this Court has not expanded the storm in progress rule to include hazards that have been tracked-in to interior spaces (see Yarmak v LSS Leasing Corp., 219 AD3d 1472, 1473; Seedat v Capital One Bank, 170 AD3d 769, 769; Hickson v Walgreen Co., 150 AD3d 1087, 1087-1088; Milano v Staten Is. Univ. Hosp., 73 AD3d 1141, 1141-1142; but see Boarman v Siegel, Kelleher & Kahn, 41 AD3d 1247, 1248; Hilsman v Sarwil Assoc., L.P., 13 AD3d 692, 693), and we decline BHC's invitation to do so. A property owner's efforts to remove tracked-in hazards during an ongoing storm are simply not subject to the same exigencies as when removing exterior hazards. In other words, removing tracked-in hazards during an ongoing storm is not a fruitless endeavor, and therefore the suspension of a property owner's duty of care with respect to such hazards is not justified.

Rather, tracked-in conditions from a storm in progress are to be treated by the principles governing premises liability generally (see Fortgang v Chase Manhattan Bank, 23 NY2d 895, 896; Miller v Gimbel Bros., 262 NY 107, 108-109; Yarmak v LSS Leasing Corp., 219 AD3d at 1472-1473; Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d 751, 751-752; Yarosh v Oceana Holding Corp., 172 AD3d 1142, 1143; Beceren v Joan Realty, LLC, 124 AD3d 572, 572-573; Ruic v Roman Catholic Diocese of Rockville Ctr., 51 AD3d 1000, 1000-1001).

III. Premises liability and tracked-in precipitation

"In a slip-and-fall case, a defendant moving for summary judgment 'has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence'" (Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 751-752, quoting Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). Although a "defendant [is] not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (Negron v St. Patrick's Nursing Home, 248 AD2d 687, 687; see Miller v Gimbel Bros., 262 NY at 108-109; Hussain v Neurology Continuum, P.C., 226 AD3d 987, 988; Yarmak v LSS Leasing Corp., 219 AD3d at 1472; Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (see Hussain v Neurology Continuum, P.C., 226 AD3d at 988; Yarmak v LSS Leasing Corp., 219 AD3d at 1472; Mentasi v Eckerd Drugs, 61 AD3d 650, 651).

"To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752 [internal quotation marks omitted]; see Guzman v 787 Holdings, LLC, 228 AD3d 628, 629; Phipps v Conifer Realty, LLC, 220 AD3d 654, 655; Yarmak v LSS Leasing Corp., 219 AD3d at 1472; cf. Solazzo v New York City Tr. Auth., 6 NY3d at 735). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752 [internal quotation marks omitted]; see Guzman v 787 Holdings, LLC, 228 AD3d at 629; [*4]Phipps v Conifer Realty, LLC, 220 AD3d at 655; Yarmak v LSS Leasing Corp., 219 AD3d at 1472-1473).

Here, BHC failed to establish, prima facie, that it did not have constructive notice of the alleged wet floor in the vestibule where the plaintiff slipped and fell. Indeed, BHC failed to proffer any evidence as to when the vestibule was last inspected or cleaned prior to the accident (see Hussain v Neurology Continuum, P.C., 226 AD3d at 988; Yarmak v LSS Leasing Corp., 219 AD3d at 1473; Vinokurova v Edith & Carl Marks Jewish Community House of Bensonhurst, Inc., 212 AD3d at 752).

Furthermore, BHC failed to establish, prima facie, that it had undertaken a sufficient remedial action, by placing a floor mat in the vestibule at some point before the accident occurred, relative to the danger posed by the alleged hazard under the circumstances (see generally Fortgang v Chase Manhattan Bank, 23 NY2d at 896; Naftaliyeva v Shoprite of Ave. I, 233 AD3d 793, 794-795; Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 464; Lawson v OneSource Facility Servs., Inc., 51 AD3d 983, 984).

In light of BHC's failure to meet its prima facie burden, it is not necessary to consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

IV. Conclusion

Accordingly, the Supreme Court, upon reargument, properly adhered to the determination in the order dated June 21, 2023, denying BHC's motion for summary judgment dismissing the complaint.

The appeal from the order dated June 21, 2023, is dismissed, as that order was superseded by the order dated May 1, 2024, made upon reargument. The order dated May 1, 2024, is affirmed insofar as appealed from.

CONNOLLY, J.P., WOOTEN and LANDICINO, JJ., concur.

ORDERED that the appeal from the order dated June 21, 2023, is dismissed, as that order was superseded by the order dated May 1, 2024, made upon reargument; and it is further,

ORDERED that the order dated May 1, 2024, is affirmed insofar as appealed from; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff.

ENTER:

Darrell M. Joseph

Clerk of the Court

Footnotes

Footnote 1

A regulatory derivative of the rule can also be found in section 16-123 of the Administrative Code of the City of New York.

Footnote 2

Moreover, New York has not expanded the storm in progress rule to apply to a rain storm that is not also accompanied by snow or ice (see Hilsman v Sarwil Assoc., L.P., 13 AD3d at 693-694; see also Sherman v New York State Thruway Auth., 27 NY3d at 1021 [applying the rule where a mixture “of snow, sleet and rain persisted” until approximately 1 hour and 25 minutes before the accident]; Cammarata v Holy Name of Mary R.C. Church, 162 AD3d 740, 740-741 [applying the rule to “an icy rain” storm]).